F. A. Gillespie v. Commissioner.
Gillespie v. Commissioner
Docket Nos. 100401, 101234.
United States Tax Court
1944 Tax Ct. Memo LEXIS 69; 3 T.C.M. (CCH) 1120; T.C.M. (RIA) 44343; October 25, 1944
*69 Harold E. Rorschach, Esq., 529 McBirney Bldg., Tulsa, Okla., for the petitioner. Stanley B. Anderson, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent has determined deficiencies in income tax against the petitioner for the years 1936, 1937 and 1938 in the respective amounts of $671.48, $2,415.28 and $1,572.36. The issue is whether or not $15,000, or any part thereof, received by the petitioner in each of the taxable years from F. A. Gillespie & Sons Company, under a contract whereby the petitioner and his wife transferred certain moneys and properties to F. A. Gillespie & Sons Company in consideration for the promise of that company to pay specified sums to petitioner and his wife annually during the lifetime of each, was taxable income to petitioner for the years in which received. The respondent in his answers has alleged that , is res judicata of these proceedings. Findings of Fact The petitioner is an individual, and his place of business is in Tulsa, Oklahoma. He and Maud Gillespie were husband and wife, having been married in 1892. The petitioner's date *70 of birth was April 22, 1868, and that of Maud Gillespie, June 9, 1872. Neither the petitioner nor Maud Gillespie owned any property at the date of their marriage, and neither inherited any property during their marriage. During the period of their married life, however, they did acquire and accumulate a rather substantial amount of property. At some time prior to May 15, 1929, Maud Gillespie instituted court proceedings against the petitioner for the division of their property and for maintenance, but not for divorce and alimony. On that date she and petitioner entered into a written agreement settling all property rights between them. It was stated that the property, both real and personal, then owned by them having been acquired since marriage, was community property. Provision was then made that each party should have $100,000 in cash as his or her separate property, and after designating that certain specified pieces or parcels should be the separate property of one or the other, the agreement further provided that the parties would, under a contract to be entered into with F. A. Gillespie & Sons Company, an Oklahoma corporation, transfer all of their remaining property to that *71 corporation in consideration for certain payments to be made by that corporation to each of them so long as each should live. In keeping with the agreement between them, the petitioner and Maud Gillespie, also on May 15, 1929, entered into a contract with F. A. Gillespie & Sons Company, whereunder that corporation, in consideration for the transfer to it by the petitioner and Maud Gillespie of certain property. more specifically set forth hereafter, agreed to pay to the petitioner $15,000 a year during his life, and to pay to Maud Gillespie $15,000 a year during her life, and $10,000 a year, also during her life, out of dividends, or, if not from dividends, to pay $10,000 a year to her for life, in any event. The property conveyed to F. A. Gillespie & Sons Company by the petitioner and Maud Gillespie pursuant to the contract above, at its fair market value on May 15, 1929, was as follows: United States First Liberty Loan
Bonds and Port of New Orleans,
Louisiana state bonds
$1,172,000.00
Empress Building - Tulsa, Okla-
homa
150,000.00
Sundry lands and lots located in
Oklahoma
22,512.00
Cash and accounts receivable
94,365.22
Sundry stocks
25,363.00
Fair market value of all property
so transferred
$1,464,240.22
*72 The cost of the above property to petitioner and Maud Gillespie equaled or exceeded the above-stated fair market value. An annuity could have been purchased from a reputable life insurance company doing business in the United States on May 15, 1929, upon the life of a male individual born in the United States on April 22, 1862, the date on which the petitioner was born, which would have paid $15,000 per annum to such male individual, for his life, for the sum of $153,750. An annuity could have been purchased from a reputable life insurance company doing business in the United States on May 15, 1929, upon the life of a female individual born in the United States on June 9, 1872, the date of the birth of Maud Gillespie, which would have paid the sum of $15,000 per annum to such female individual, for her life, for the sum of $196,537.50. Previously, on February 9, 1921, the petitioner had executed a written declaration of trust declaring that he stood seized and possessed as trustee of 9,975 shares of the 10,000 shares of capital stock of F. A. Gillespie & Sons Company, for himself, Maud Gillespie and their three sons, B. A. Gillespie, L. A. Gillespie, and P. A. Gillespie, the interest *73 of each being 1,995 shares. The trust was to continue so long as any one of the five mentioned persons should live. The instrument contained provisions for remaindermen of the interest of each of the named beneficiaries and provided that upon the death of all of the beneficiaries the corpus of the trust should pass to the remaindermen then living. or if there were no remaindermen, to the heirs at law. The interests of petitioner and Maud Gillespie were to go to their three sons or the issue thereof. The petitioner as settlor, donor and trustee reserved to himself during his lifetime, broad powers of management and control over the corpus of the trust. Neither Maud Gillespie nor any of the three sons had any power to sell, convey or otherwise dispose of or encumber their interests in the trust. Under date of April 19, 1937, the Commissioner of Internal Revenue notified F. A. Gillespie of his determination of a deficiency in income tax against him for the year 1934. It was disclosed that part of the deficiency resulted from the inclusion as taxable income of the $15,000 received by him in 1934 from F. A. Gillespie & Sons Company, under the contract above set forth, that the said amount *74 was an annuity, and was taxable to him under the provisions of section 22 (b) of the Revenue Act of 1934. By petition and amended petition filed with this tribunal (then the United States Board of Tax Appeals), the petitioner alleged that the inclusion of the said $15,000 as taxable income was erroneous, in words as follows: "(a) The Commissioner of Internal Revenue erred in including in taxpayer's gross income the sum of $15,000 received from F. A. Gillespie & Sons Company during the year 1934. * * * * *
"(c) In the alternative, if the Honorable Board determines that any part of the sum of $15,000, received by F. A. Gillespie from F. A. Gillespie & Sons Company during the year 1934 is taxable, then only such portion of the $15,000 is taxable as represents 3% of what an annuity would have cost at May 15, 1929 as would have produced the sum of $15,000 per annum during the lifetime of F. A. Gillespie." The respondent, by answer and amended answer, denied error and the proceeding went to trial on the issues as set forth. Under date of September 30, 1938, the Board of Tax Appeals promulgated its findings of fact and opinion, wherein it was held that the entire $15,000 received by *75 the petitioner in the year 1934, under the above contract of May 15, 1929, with F. A. Gillespie & Sons Company, was taxable income to him, under the provisions of section 22 (b) (2) of the Revenue Act of 1934. The points considered by the Board in reaching that conclusion were whether or not the $15,000 so received by petitioner was taxable to him under section 22 (b) (2) of the Revenue Act of 1934 "as received under an annuity, or exempt from taxation because constituting only a return of corpus"; whether in applying section 22 (b), the 3 percent limitation prescribed therein was applicable to the full amount of the consideration paid by petitioner to F. A. Gillespie & Sons Company, under the contract of May 15, 1929, or only "some amount reasonably necessary to purchase the annuity in question"; and whether section 22 (b) (2) was unconstitutional. The conclusions of the Board being adverse to the contentions of petitioner on each of the points considered, it was decided and held that the entire $15,000 was taxable to the petitioner. In determining the deficiencies herein, the respondent has similarly included as taxable income to the petitioner in each of the years 1936, 1937 *76 and 1938 the entire $15,000 received by him in each of those years, under the above contract with F. A. Gillespie & Sons Company. The petitioner in his petition filed under Docket No. 100401, involving his 1936 income tax liability, alleges that the action taken by the respondent with respect to the said $15,000 was in error, as follows: "(a) The Commissioner of Internal Revenue erred in including in taxpayer's gross income the sum of $15,000.00 received from F. A. Gillespie & Sons Company during the year 1936. "(b) The Commissioner of Internal Revenue erred in considering as annuity income the sum of $15,000.00 received from F. A. Gillespie & Sons Company during the year 1936. "(c) In the alternative, if the Honorable Board determines that any part of the sum of $15,000.00 received by F. A. Gillespie from F. A. Gillespie & Sons Company during the year 1936 is taxable, then only such portion of $15,000.00 is taxable as represents 3% of what an annuity would have cost at May 15, 1929 as would have produced the sum of $15,000.00 per annum during the lifetime of F. A. Gillespie." Except that the petition filed under Docket No. 101234 covers the years 1937 and 1938, and except for *77 some typographical discrepancies, the allegations of error are identical with those covering the 1936 liability quoted above. The respondent, in his amended answers, denies that in determining the deficiencies herein against the petitioner, he erred, as alleged by the petitioner in his petitions. Opinion It is the claim of the respondent that the prior proceeding between F. A. Gillespie, as petitioner, and the Commissioner of Internal Revenue, as respondent, wherein it was decided and held that the $15,000 received by petitioner in 1934 from F. A. Gillespie & Sons Company, under the contract of May 15, 1929, constituted taxable income to petitioner for that year, is res judicata of the proceedings here. The petitioner contends that the prior proceeding is not res judicata of the question presented in these proceedings, and seeks to show by the oral deposition of the petitioner and other proof that such part of the amount paid by him to F. A. Gillespie & Sons Company, under the contract of May 15, 1929, as exceeded the amount which would have been necessary for the purchase of an annuity of $15,000 by him from a reputable life insurance company doing business in the United *78 States on May 15, 1929, was a gift to F. A. Gillespie & Sons Company for the benefit of his sons and his grandchildren. The position of the petitioner is not in our opinion well taken. From the facts it is at once apparent that he is not presenting a new question for determination, but is seeking a second trial on a question already decided. This he may not have, being estopped by the judgment in the prior proceeding. ; ; ; and . Decisions will be entered for the respondent.